# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 12, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

133670

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

MICHAEL PODLASZUK,
      Defendant-Appellant.

SC: 133670
COA: 273554
Wayne CC: 05-002344

_____/

On order of the Court, the application for leave to appeal the January 3, 2007 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration of the defendant's alternate ground for affirming the Wayne Circuit Court's order granting his motion to withdraw his plea. The defendant was not required to file a cross appeal to urge that ineffective assistance of counsel caused his plea to be involuntary as an alternative ground for affirmance. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41 (1994); *Cacevic v Simplimatic Engineering Co*, 467 Mich 997 (2001). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

The Court notes, however, that contrary to the Court of Appeals' conclusion that the defendant's motion to withdraw his plea was untimely under MCR 6.310(C), and was therefore properly characterized as a motion for relief from judgment, the defendant's motion to withdraw his plea was timely. The amendment to MCR 6.310(C) reducing the time from 12 months to 6 months to file a motion to withdraw a plea is not applicable to cases in which the order appointing appellate counsel was entered on or before December 31, 2005. See Admin Order 2005-02. In this case, appellate counsel was appointed before December 31, 2005, so the defendant had 12 months from the date of the order appointing appellate counsel to file a motion to withdraw his plea. Because the defendant's motion was filed within 12 months of the order appointing appellate counsel, the defendant's motion was timely, and should not have been characterized as a motion for relief from judgment.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 12, 2007

_____
Clerk

d0905